## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; BASILEA PHARMACEUTICA INTERNATIONAL LTD, ALLSCHWIL, | ) ) ) ) ) |
| Plaintiffs, | ) C.A. _____ |
| | ) |
| v. | ) ) |
| CIPLA LIMITED; CIPLA USA, INC.; ASPIRO PHARMA LIMITED; HETERO LABS LIMITED; HETERO USA, INC., | ) ) ) ) |
| Defendants. | ) |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Astellas Pharma Inc. ("API"), Astellas US LLC ("AUS"), Astellas Pharma US, Inc. ("APUS"), and Basilea Pharmaceutica International Ltd, Allschwil ("Basilea") (collectively, "Plaintiffs"), for their Complaint against Defendants Cipla Limited ("Cipla Ltd.") and Cipla USA, Inc., ("Cipla USA") (collectively, "Cipla Defendants"); and Aspiro Pharma Limited ("Aspiro"), Hetero Labs Limited ("Hetero Labs"), and Hetero USA, Inc. ("Hetero USA") (collectively, "Aspiro Defendants") (all collectively, "Defendants") hereby allege as follows:

### PARTIES

### Plaintiffs

1.      Plaintiff API is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2.      Plaintiff AUS is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

ME1 51218936v.1

3.      Plaintiff APUS is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

4.      Plaintiff Basilea is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Hegenheimermattweg 167b, 4123 Allschwil, Switzerland.

### Cipla Defendants

5.      On information and belief, Defendant Cipla Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai Maharashtra, India 400013.

6.      On information and belief, Cipla Ltd., by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

7.      On information and belief, Defendant Cipla USA is a corporation organized and existing under the laws of Delaware, having a principal place of business at 10 Independence Blvd., Suite 300, Warren, New Jersey 07059, United States.

8.      On information and belief, in *Acerta Pharma B.V. et al. v. Cipla Limited and Cipla USA, Inc.*, 24-587 (D. Del.) (D.I. 10 at 3), Cipla USA stated that it is an indirect, wholly owned subsidiary of Cipla Ltd.

9.      On information and belief, Cipla USA, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling

2

generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

10.    On information and belief, the Cipla Defendants are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products within the United States.  On information and belief, the acts of the Cipla Defendants complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

11.    On information and belief, the Cipla Defendants have cooperated and assisted in the preparation and filing of Abbreviated New Drug Application ("ANDA") No. 219496 ("Cipla ANDA") and will be involved in the manufacture, importation, marketing, and/or sale of the drug that is the subject of the Cipla ANDA, if approved by the United States Food and Drug Administration ("FDA").

### Aspiro Defendants

12.    On information and belief, Defendant Aspiro is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Plot No. 23, Biotech Park, Phase-III, Survey No. 321, Karkapatia, Siddipet, Telangana, India 502281.

13.    On information and belief, Aspiro, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

14.    On information and belief, Defendant Hetero Labs is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Telangana, India.

3

15.     On information and belief, Hetero Labs, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

16.     On information and belief, Defendant Hetero USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1035 Centennial Avenue, Piscataway, NJ 08854, United States.

17.     On information and belief, Hetero USA, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

18.     On information and belief Aspiro and Hetero USA are both wholly owned subsidiaries of Hetero Labs.

19.     On information and belief, the Aspiro Defendants are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products within the United States.  On information and belief, the acts of the Aspiro Defendants complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

20.     On information and belief, the Aspiro Defendants have cooperated and assisted in the preparation and filing of ANDA No. 219877 ("Aspiro ANDA") and will be involved in the manufacture, importation, marketing, and/or sale of the drug that is the subject of the Aspiro ANDA, if approved by the FDA.

ME1 51218936v.1

## NATURE OF THE ACTION

21.     This is a civil action for the infringement of U.S. Patent No. 6,812,238 ("the '238 Patent") under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' filing of ANDA Nos. 219496 (Cipla Defendants) and 219877 (Aspiro Defendants) with the FDA seeking approval to market generic versions of the pharmaceutical product CRESEMBA® (isavuconazonium sulfate) for injection, for intravenous use, 372 mg, before the expiration of the '238 Patent covering CRESEMBA® for injection.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over the subject matter of this action, including Counts I-II against the Defendants, pursuant to 28 U.S.C. §§ 1331 and 1338.

### Cipla Defendants

23.     This Court has personal jurisdiction over the Cipla Defendants by virtue of the fact that, *inter alia*, the Cipla Defendants have committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware and throughout the United States.

24.     This Court has personal jurisdiction over the Cipla Defendants by virtue of the fact that, on information and belief, the Cipla Defendants, either directly or through their affiliates, regularly and continuously do or solicit business in Delaware, engage in other persistent courses of conduct in Delaware, and/or derive substantial revenue from services of things used or consumed in Delaware, including by selling their pharmaceutical products in Delaware and, therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.   On information and belief, the Cipla Defendants conduct marketing and sales activities in the State of Delaware, including but not limited to, distribution, marketing, and sales of pharmaceutical

ME1 51218936v.1

products to Delaware residents that are continuous and systematic.  On information and belief, if the Cipla ANDA is approved, the Cipla Defendants will market and sell their generic version of CRESEMBA® for injection in Delaware.

25.     This Court has personal jurisdiction over Cipla Ltd.  On information and belief, Cipla Ltd. regularly and continuously conducts business with Delaware, either directly or through its subsidiary Cipla USA, a Delaware corporation, including by selling pharmaceutical products in Delaware.

26.     This Court further has personal jurisdiction over Cipla Ltd. by virtue of the fact that Cipla Ltd. has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Acerta Pharma B.V. et al. v. Cipla Limited et al.*, C.A. No. 24-587-GBW; *Gilead Sciences, Inc. v. Cipla Limited,* C.A. No. 23-1480-MN; *Hikma Pharmaceuticals USA, Inc. v. Cipla USA, Inc. and Cipla Limited*, C.A. No. 23-cv-1157-GBW.

27.     Alternatively, this Court may exercise jurisdiction over Cipla Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Cipla Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Cipla Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Cipla Ltd. satisfies due process.

28.     This Court has personal jurisdiction over Cipla USA.  Upon information and belief, Cipla USA regularly and continuously conducts business in Delaware and is a corporation

ME1 51218936v.1

organized and existing under the laws of the State of Delaware, registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under ID No. 5207954.

29.     This Court further has personal jurisdiction over Cipla USA by virtue of the fact that Cipla USA has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Acerta Pharma B.V. et al. v. Cipla Limited et al.*, C.A. No. 24-cv-587-GBW; *Hikma Pharmaceuticals USA, Inc. v. Cipla USA, Inc. and Cipla Limited*, C.A. No. 23-cv-157-GBW.

30.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

31.     Venue is proper as to Cipla Ltd. in this judicial district because, *inter alia*, Cipla Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district.

32.     Venue is proper as to Cipla USA in this judicial district because, *inter alia*, Cipla USA is a corporation organized and existing under the laws of the State of Delaware.

### Aspiro Defendants

33.     This Court has personal jurisdiction over the Aspiro Defendants by virtue of the fact that, *inter alia*, the Aspiro Defendants have committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware and throughout the United States.

34.     This Court has personal jurisdiction over the Aspiro Defendants by virtue of the fact that, on information and belief, the Aspiro Defendants, either directly or through their affiliates, regularly and continuously do or solicit business in Delaware, engage in other persistent

ME1 51218936v.1

courses of conduct in Delaware, and/or derive substantial revenue from services of things used or consumed in Delaware, including by selling their pharmaceutical products in Delaware and, therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.  On information and belief, the Aspiro Defendants conduct marketing and sales activities in the State of Delaware, including but not limited to, distribution, marketing, and sales of pharmaceutical products to Delaware residents that are continuous and systematic.  On information and belief, if the Aspiro ANDA is approved, the Aspiro Defendants will market and sell their generic version of CRESEMBA® for injection in Delaware.

35.     This Court has personal jurisdiction over Aspiro.  On information and belief, Aspiro regularly and continuously conducts business with Delaware, either directly or through its affiliates/parents Hetero Labs and Hetero USA, the latter a Delaware corporation, including by selling pharmaceutical products in Delaware.

36.     Alternatively, this Court may exercise jurisdiction over Aspiro pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Aspiro is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Aspiro has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Aspiro satisfies due process.

37.     This Court has personal jurisdiction over Hetero Labs.  On information and belief, Hetero Labs regularly and continuously conducts business with Delaware, either directly or through its subsidiaries Hetero USA and Aspiro, the former a Delaware corporation, including by selling pharmaceutical products in Delaware.

ME1 51218936v.1

38.     This Court further has personal jurisdiction over Hetero Labs by virtue of the fact that Hetero Labs has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 24-924 (MN); *Breckenridge Pharmaceutical, Inc. v. Hetero USA, Inc. et al.*, C.A. No. 24-cv-571-GBW.

39.     Alternatively, this Court may exercise jurisdiction over Hetero Labs pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Hetero Labs is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Labs has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs satisfies due process.

40.     This Court has personal jurisdiction over Hetero USA.  On information and belief, Hetero USA regularly and continuously conducts business in Delaware and is a corporation organized and existing under the laws of the State of Delaware, registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under ID No. 4837317.

41.     This Court further has personal jurisdiction over Hetero USA by virtue of the fact that Hetero USA has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *AbbVie Inc. v. Hetero USA,*

9

*Inc. et al.*, C.A. No. 24-924 (MN); *Breckenridge Pharmaceutical, Inc. v. Hetero USA, Inc. et al.*, C.A. No. 24-cv-571-GBW.

42.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

43.     Venue is proper as to Aspiro and Hetero Labs in this judicial district because, *inter alia*, Aspiro and Hetero Labs are both foreign corporations not residing in any United States district and may be sued in any judicial district.

44.     Venue is proper as to Hetero USA in this judicial district because, *inter alia*, Hetero USA is a corporation organized and existing under the laws of the State of Delaware.

## **THE CRESEMBA® FOR INJECTION NDA**

45.     Plaintiff APUS filed New Drug Application ("NDA") No. 207501 for CRESEMBA® for injection, for intravenous use, 372 mg isavuconazonium sulfate powder. The FDA approved NDA No. 207501 on March 6, 2015, for treatment of invasive aspergillosis and invasive mucormycosis in patients 18 years of age and older.  On December 8, 2023, the FDA approved an expanded indication for treatment of invasive aspergillosis and invasive mucormycosis in adults and pediatric patients 1 year of age and older.  APUS sells CRESEMBA® for injection in the United States.

46.     Isavuconazonium sulfate is a compound that can be referred to by any of several chemical names, including glycine, *N*-methyl-, [2-[[[1-[1-[(2*R*,3*R*)-3-[4-(4-cyanophenyl)-2-thiazolyl]-2-(2,5-difluorophenyl)-2-hydroxybutyl]-4*H*-1,2,4-triazolium-4-yl]ethoxy]carbonyl]methylamino]-3-pyridinyl]methyl ester, sulfate (1:1), and which has the following chemical structure:

ME1 51218936v.1

## THE PATENT-IN-SUIT

47. On November 2, 2004, the '238 Patent, entitled "N-Substituted Carbamoyloxyalkyl-Azolium Derivatives" was duly and legally issued to Plaintiff Basilea. A true and correct copy of the '238 Patent is attached hereto as Exhibit A.

48. The '238 Patent claims, *inter alia*, isavuconazonium sulfate.

49. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '238 Patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalents Evaluations* (the "Orange Book") for CRESEMBA® for injection.

50. Pursuant to an agreement, as amended, entered into between Basilea and API, API was granted an exclusive license to the '238 Patent, with the right to sue for infringement of the '238 Patent in the United States.

51. Pursuant to an agreement, as amended, between API and AUS, AUS was granted an exclusive sublicense to the '238 Patent, with the right to sue for infringement of the '238 Patent in the United States.

52. Pursuant to an agreement between AUS and APUS, APUS was granted a sublicense to the '238 Patent, with the right to sue for infringement of the '238 Patent in the United States.

11

ME1 51218936v.1

## ACTS GIVING RISE TO THE PATENT INFRINGEMENT COUNTS

### Cipla Defendants

53.    By a letter dated October 9, 2024 ("Cipla Notice Letter"), the Cipla Defendants informed Plaintiffs that they had submitted the Cipla ANDA to the FDA seeking approval to manufacture, use, and/or sell isavuconazonium sulfate for injection, 372 mg ("Cipla's Generic Product") prior to the expiration of the '238 Patent.

54.    On information and belief, the Cipla Defendants submitted the Cipla ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in commercial manufacture, use, and sale of Cipla's Generic Product as a generic version of CRESEMBA® for injection.

55.    On information and belief, the Cipla ANDA seeks FDA approval of Cipla's Generic Product for the indications of treatment of invasive aspergillosis and invasive mucormycosis.

56.    The Cipla Notice Letter also advised Plaintiffs that Cipla's ANDA submission included a certification under 21 U.S.C.§ 355(j)(2)(A)(vii)(IV) that, in the Cipla Defendants' opinion, certain claims of the '238 Patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, sale, and/or use of Cipla's Generic Product.

57.    The Cipla Notice Letter does not allege non-infringement of certain claims of the '238 Patent.

58.    By not identifying non-infringement defenses for certain claims of the '238 Patent, the Cipla Defendants concede Cipla's Generic Product meets all limitations of those claims.

59.    The Cipla Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, 112, or unenforceability for any claim of the '238 Patent.

ME1 51218936v.1

60.    By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, 112, or unenforceability, the Cipla Defendants concede the '238 Patent claims are valid under 35 U.S.C. §§ 101, 102, and 112, and are enforceable.

61.    There is an actual, real, immediate, and justiciable controversy between Plaintiffs and the Cipla Defendants regarding the infringement, validity, and unenforceability of the '238 Patent.

62.    On information and belief, following FDA approval of the Cipla ANDA, the Cipla Defendants will act in concert to make, use, offer to sell, or sell Cipla's Generic Product throughout the United States, or import such a generic product into the United States.

63.    On information and belief, following FDA approval of the Cipla ANDA, the Cipla Defendants intend to directly benefit from sales of Cipla's Generic Product.

64.    Plaintiffs are commencing this action against the Cipla Defendants within 45 days of receiving the Cipla Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**Aspiro Defendants**

65.    By a letter dated October 17, 2024 ("Aspiro Notice Letter"), the Aspiro Defendants informed APUS and Basilea that they had submitted the Aspiro ANDA to the FDA seeking approval to manufacture, use, and/or sell isavuconazonium sulfate for injection, 372 mg ("Aspiro's Generic Product") prior to the expiration of the '238 Patent.

66.    On information and belief, the Aspiro Defendants submitted the Aspiro ANDA to the FDA under § 505(j) of the FDCA, seeking approval to engage in commercial manufacture, use, and sale of Aspiro's Generic Product as a generic version of CRESEMBA® for injection.

ME1 51218936v.1

67.    On information and belief, the Aspiro ANDA seeks FDA approval of Aspiro's Generic Product for the indications of treatment of invasive aspergillosis and invasive mucormycosis.

68.    The Aspiro Notice Letter also advised APUS and Basilea that Aspiro's ANDA submission included certifications under 21 U.S.C.§ 355(j)(2)(A)(vii)(IV) that, in the Aspiro Defendants' opinion, certain claims of the '238 Patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, sale, and/or use of Aspiro's Generic Product.

69.    The Aspiro Notice Letter does not allege non-infringement of any claim of the '238 Patent.

70.    By not identifying non-infringement defenses, the Aspiro Defendants concede Aspiro's Generic Product meets all limitations of claims of the '238 Patent.

71.    The Aspiro Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, 112, for obviousness-type double patenting, or unenforceability for any claim of the '238 Patent.

72.    By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, 112, for obviousness-type double patenting, or unenforceability, the Aspiro Defendants concede the '238 Patent claims are valid under 35 U.S.C. §§ 101, 102, and 112 and the obviousness-type double patenting doctrine and are enforceable.

73.    There is an actual, real, immediate, and justiciable controversy between Plaintiffs and the Aspiro Defendants regarding the infringement, validity, and unenforceability of the '238 Patent.

74.    On information and belief, following FDA approval of the Aspiro ANDA, the Aspiro Defendants will act in concert to make, use, offer to sell, or sell Aspiro's Generic Product throughout the United States, or import such a generic product into the United States.

14

75.    On information and belief, following FDA approval of the Aspiro ANDA, the Aspiro Defendants intend to directly benefit from sales of Aspiro's Generic Product.

76.    Plaintiffs are commencing this action against the Aspiro Defendants within 45 days of receiving the Aspiro Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I

### (Infringement of the '238 Patent by the Cipla Defendants)

77.    Plaintiffs incorporate each of the preceding paragraphs 1-76 as if fully set forth herein.

78.    By submitting the Cipla ANDA to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Cipla's Generic Product throughout the United States, including Delaware, prior to the expiration of the '238 Patent, the Cipla Defendants committed an act of infringement of the '238 Patent under 35 U.S.C. § 271(e)(2)(A).

79.    On information and belief, Cipla's Generic Product, if approved by the FDA, will contain the compound isavuconazonium sulfate, which will constitute infringement of claims of the '238 Patent.

80.    On information and belief, the Cipla Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of Cipla's Generic Product prior to the expiration of the '238 Patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '238 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  The Cipla Defendants will infringe one or more claims of the '238 Patent.

81.    On information and belief, Cipla's Generic Product will directly and literally infringe at least claim 3 of the '238 Patent, which recites:

ME1 51218936v.1

3. The Compound having formula (II),

(II)

wherein

is pyridin-2-yl;

$R^1$ is hydrogen or alkyl;

$R^2$ is hydrogen, alkyl, alkylcarbonyloxyalkyl, alkoxycarbonyl, alkylcarbonyl, mono- or dialkylaminoalkylcarbonyloxyalkyl;

Q is a 3-[4-(4-cyanophenyl)thiazol-2-yl)]-2-(2,5-difluorophenyl)-1-(1H-1,2,4-triazol-1-yl)-butan-2-ol moiety which is linked to the remainder of the compound of formula (II) by a nitrogen in the triazole;

$X^-$ is a pharmaceutically acceptable anion;

$R^4$ and $R^5$ are independently selected from the group consisting of hydrogen, halogen, alkyl, alkoxy, alkylthio, alkylsulfinyl, alkylsulfonyl, carboxy, alkyloxycarbonyl, cyano, trifluoromethyl, trifluoromethoxy nitro, aminosulfonyl, alkylaminocarboyloxyalkyl, sulfo, alkylcarbonyloxyalkyl and aminoalkylcarbonyloxyalkyl; and

$R^6$ is hydroxy, alkoxycarbonylalkylamino, alkoxycarbonylamino, amino, alkylamino, alkylcarbonyloxy, alkoxycarbonylalkylaminoalkylcarbonyloxy, alkoxycarbonylamino-alkylcarbonyloxy, alkylaminoalkylcarbonyloxy, aminoalkylcarbonyloxy, alkylcarbonylamino, alkylcarbonylalkylamino, acyloxy, acylamino, acylalkylamino wherein said acyl group is a hydrolizable radical.

82.     On information and belief, Cipla's Generic Product will infringe at least claim 3 of the '238 Patent because Cipla's Generic Product will contain isavuconazonium sulfate.

83.     On information and belief, the Cipla Defendants were aware of the existence of the '238 Patent and its listing in the Orange Book as demonstrated by their reference to the '238 Patent in the Cipla Notice Letter.

ME1 51218936v.1

84.    On information and belief, the Cipla Defendants copied the claimed invention of the '238 Patent.

85.    On information and belief, the Cipla Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's Generic Product prior to patent expiry will infringe one or more claims of the '238 Patent.

86.    On information and belief, the Cipla Defendants' statement of the factual and legal bases for their opinions regarding non-infringement and invalidity of the '238 Patent is devoid of an objective good faith basis either in the facts or the law.  This case is exceptional.

87.    Plaintiffs will be substantially and irreparably harmed by the infringing activities of the Cipla Defendants as described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II

### (Infringement of the '238 Patent by the Aspiro Defendants)

88.    Plaintiffs incorporate each of the preceding paragraphs 1-76 as if fully set forth herein.

89.    By submitting the Aspiro ANDA to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aspiro's Generic Product throughout the United States, including Delaware, prior to the expiration of the '238 Patent, the Aspiro Defendants committed an act of infringement of the '238 Patent under 35 U.S.C. § 271(e)(2)(A).

90.    On information and belief, Aspiro's Generic Product, if approved by the FDA, will contain the compound isavuconazonium sulfate, which will constitute infringement of claims of the '238 Patent.

17

91. On information and belief, the Aspiro Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of Aspiro's Generic Product prior to the expiration of the '238 Patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '238 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  The Aspiro Defendants will infringe one or more claims of the '238 Patent.

92. On information and belief, Aspiro's Generic Product will directly and literally infringe at least claim 3 of the '238 Patent, which recites:

3. The Compound having formula (II),

wherein

is pyridin-2-yl;

$R^1$ is hydrogen or alkyl;

$R^2$ is hydrogen, alkyl, alkylcarbonyloxyalkyl, alkoxycarbonyl, alkylcarbonyl, mono- or dialkylaminoalkylcarbonyloxyalkyl;

Q is a 3-[4-(4-cyanophenyl)thiazol-2-yl)]-2-(2,5-difluorophenyl)-1-(1H-1,2,4-triazol-1-yl)-butan-2-ol moiety which is linked to the remainder of the compound of formula (II) by a nitrogen in the triazole;

$X^-$ is a pharmaceutically acceptable anion;

$R^4$ and $R^5$ are independently selected from the group consisting of hydrogen, halogen, alkyl, alkoxy, alkylthio, alkylsulfinyl, alkylsulfonyl, carboxy, alkyloxycarbonyl, cyano, trifluoromethyl, trifluoromethoxy nitro, aminosulfonyl, alkylaminocarboyloxyalkyl, sulfo, alkylcarbonyloxyalkyl and aminoalkylcarbonyloxyalkyl; and

$R^6$ is hydroxy, alkoxycarbonylalkylamino, alkoxycarbonylamino, amino, alkylamino, alkylcarbonyloxy, alkoxycarbonylalkylaminoalkylcarbonyloxy, alkoxycarbonylamino-alkylcarbonyloxy, alkylaminoalkylcarbonyloxy, aminoalkylcarbonyloxy, alkylcarbonylamino, alkylcarbonylalkylamino, acyloxy,

18

acylamino, acylalkylamino wherein said acyl group is a hydrolizable radical.

93. On information and belief, Aspiro's Generic Product will infringe at least claim 3 of the '238 Patent because Aspiro's Generic Product will contain isavuconazonium sulfate.

94. On information and belief, the Aspiro Defendants were aware of the existence of the '238 Patent and its listing in the Orange Book as demonstrated by their reference to the '238 Patent in the Aspiro Notice Letter.

95. On information and belief, the Aspiro Defendants copied the claimed invention of the '238 Patent.

96. On information and belief, the Aspiro Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Aspiro's Generic Product prior to patent expiry will infringe one or more claims of the '238 Patent.

97. On information and belief, the Aspiro Defendants' statement of the factual and legal bases for their opinions regarding non-infringement and invalidity of the '238 Patent is devoid of an objective good faith basis either in the facts or the law.  This case is exceptional.

98. Plaintiffs will be substantially and irreparably harmed by the infringing activities of the Aspiro Defendants as described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

### Against Cipla Defendants

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A judgment that the Cipla Defendants infringed one or more claims of United States Patent No. 6,812,238 by submitting ANDA No. 219496 seeking FDA approval for the commercial

ME1 51218936v.1

manufacture, use, offer for sale, sale, and/or importation of Cipla's Generic Product before expiration of that patent under 35 U.S.C. § 271(e)(2)(A);

B.      A judgment that the Cipla Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's Generic Product will infringe one or more claims of the United States Patent No. 6,812,238 under 35 U.S.C. § 271(a);

C.      A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining the Cipla Defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with any of them from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Cipla's Generic Product prior to the expiration date of United States Patent No. 6,812,238, inclusive of any extensions;

D.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 219496 (the Cipla ANDA) under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent No. 6,812,238, inclusive of any extensions;

E.      A judgment that the claims of United States Patent No. 6,812,238 are not invalid and are enforceable;

F.      If the Cipla Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla Defendants' Generic Product prior to the expiration of United States Patent No. 6,812,238, a judgment awarding damages to Plaintiffs resulting from such infringement, with all costs and interests;

G.      A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

20

H.      An award of costs and expenses in this action; and

I.      Such further and additional relief that this Court deems just and proper.

**Against Aspiro Defendants**

WHEREFORE, Plaintiffs respectfully requests the following relief:

A.      A judgment that the Aspiro Defendants infringed one or more claims of United States Patent No. 6,812,238 by submitting ANDA No. 219877 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Aspiro's Generic Product before expiration of that patent under 35 U.S.C. § 271(e)(2)(A);

B.      A judgment that the Aspiro Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of Aspiro's Generic Product will infringe one or more claims of United States Patent No. 6,812,238 under 35 U.S.C. § 271(a);

C.      A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining the Aspiro Defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with any of them from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Aspiro's Generic Product prior to the expiration of United States Patent No. 6,812,238, inclusive of any extensions;

D.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 219877 (the Aspiro ANDA) under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent No. 6,812,238, inclusive of any extensions;

E.      A judgment that the claims of United States Patent No. 6,812,238 are not invalid and are enforceable;

21

F.      If the Aspiro Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aspiro Defendants' Generic Product prior to the expiration of United States Patent No. 6,812,238, a judgment awarding damages to Plaintiffs resulting from such infringement, with all costs and interests;

G.      A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

H.      An award of costs and expenses in this action; and

I.      Such further and additional relief that this Court deems just and proper.


Dated: November 22, 2024                           **MCCARTER & ENGLISH, LLP**

OF COUNSEL:                                        */s/ Daniel M. Silver*
                                                   Daniel M. Silver (#4758)
Dominick A. Conde                                  Alexandra M. Joyce (#6423)
Erin J.D. Austin                                   Renaissance Centre
Damien N. Dombrowski                               405 N. King Street, 8th Floor
VENABLE LLP                                        Wilmington, DE 19801
151 West 42nd Street                               T: (302) 984-6300
New York, NY 10036                                 dsilver@mccarter.com
(212) 307-5500                                     ajoyce@mccarter.com

                                                   *Attorneys for Plaintiffs Astellas Pharma*
                                                   *Inc., Astellas US LLC, Astellas Pharma*
                                                   *US, Inc, and Basilea Pharmaceutica*
                                                   *International Ltd, Allschwil*

ME1 51218936v.1